**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Keith Little, | CASE NO. 2:25-cv-01292 |
| Plaintiff, | JUDGE EDMUND A. SARGUS |
| vs. | MAGISTRATE JUDGE CHELSEY M. VASCURA |
| OhioHealth Corporation | |
| Defendant. | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I. PLAINTIFF'S CLAIMS ARE TIME BARRED.

Plaintiff Keith Little's ("Plaintiff") Memorandum in Opposition ("Opposition") (ECF No. 9, Plt. Opp.) to Defendant OhioHealth Corporation's ("OhioHealth" or "Defendant") Motion to Dismiss ("Motion") (ECF No. 8, Def. MTD) incorrectly argues that Plaintiff's claims raised in his complaint filed against OhioHealth on November 6, 2025, ("2025 Complaint") (ECF No. 1, Plt. Compl.) are not time barred by the applicable 90-day statute of limitations. Plaintiff argues that his claims are timely filed because the Equal Employment Opportunity Commission ("EEOC") "formally reopened" its investigation into his first charge of discrimination (No. 532-2023-016272) ("First Charge") after first issuing a notice of right to sue letter to Plaintiff on March 13, 2024 ("First Right-to-Sue Letter"). (*See*, Plt. Opp, PAGEID 77-79). Plaintiff argues that the EEOC vacated his First Right-to-Sue Letter to conduct "additional administrative review" of his allegations and later issued a second notice of right to sue letter for his claims against OhioHealth on August 12, 2025 ("Second Right-to-Sue Letter). *Id.* Plaintiff contends that the Second Right-to-Sue Letter set the applicable 90-day window for him to file suit against OhioHealth, not the

1

First-Right-to-Sue Letter. *Id.* As explained below, Plaintiff's arguments have no support in either fact or law and all his claims against OhioHealth should be dismissed as untimely.

## A. The EEOC Did Not "Reopen" Plaintiff's First Charge or Vacate His First Right-to-Sue Letter.

Plaintiff's argument that the EEOC "formally reopened" his First Charge for further investigation and vacated his First Right-to-Sue Letter is false. The 90-day period to file a lawsuit under Title VII and its sister statutes begins when an employee receives their first right-to-sue letter from the EEOC regarding a particular set of facts and is strictly enforced. 42 U.S.C.A. § 2000e-5(1); *Brady v. DaVita, Inc.,* No. 1:20-CV-910, 2021 WL 3033349, at *2 (S.D. Ohio July 19, 2021) ("This statutory limit has been strictly enforced by federal courts"). When the EEOC decides to reconsider its dismissal of or determination for a charge, "the Commission ***shall provide prompt notification of its intent to reconsider***." 29 C.F.R. § 1601.21(b)(2) (emphasis added). "If such notice of intent to reconsider is issued within 90 days from receipt of a notice of right to sue ***and the charging party has not filed suit*** . . . , the notice of intent to reconsider will vacate the dismissal or letter of determination and revoke the notice of right to sue." 29 C.F.R. § 1601.21(b)(1); *Jackson v. Richards Med. Co.*, 961 F.2d 575, 582 (6th Cir. 1992) (emphasis added) (citing 29 C.F.R. § 1601.21 and outlining the EEOC's reconsideration regulations).

Plaintiff's First Charge was not reopened and the First Right-to-Sue Letter was not vacated for three reasons. First, Plaintiff has offered no evidence whatsoever to show that he requested reconsideration from the EEOC or that the EEOC notified him or OhioHealth of any intent to reconsider his First Charge. (*See generally*, Plt. Opp).[1] Without proof of reconsideration, Plaintiff

---

[1] Plaintiff also cites to irrelevant (and non-controlling) case law that does not apply to the facts of his case. (Plt. Opp., PAGEID 78-79 ¶ 1). *See Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 246 (5th Cir. 1980) (stating that "[t]he EEOC notified both parties that it had decided to reopen its administrative process and that its prior conclusion of finality was revoked"); *see also Prichard v. Long Island Univ.*, No. 23-CV-09269(EK)(LB), 2025 WL 2163390, at *3 (E.D.N.Y. July 30, 2025) (court directing the EEOC to reopen plaintiff's charge of discrimination after the Commission committed procedural errors in issuing her notice of right to sue letter). Plaintiff also cites to *Trujillo v.*

2

cannot show that the First Notice of Right-to-Sue Letter was vacated by the EEOC. 29 C.F.R. § 1601.21(b)(2)

Second, the EEOC's regulatory authority to revoke a valid notice of right to sue only applies if "the charging party has not filed suit." 29 C.F.R. § 1601.21(b)(1); *Jackson* at 582. Plaintiff admits that he filed suit against OhioHealth on June 11, 2024, based on the First Notice of Right-to-Sue ("2024 Complaint"). (Plt. Opp, PAGEID 77 ¶ 1-2) ("The EEOC issued a Notice of Right to Sue dated March 13, 2024… Plaintiff filed a Federal Complaint on June 11, 2024"); *see also Little*, Case No. 2:24-cv-03196 (ECF No. 2). Thus, the EEOC could not have reconsidered Plaintiff's First Charge.

Third, Plaintiff ignores the fact that he dual filed a second charge of discrimination on May 7, 2024 (No. 22A-2024-03555) with the Ohio Civil Rights Commission ("OCRC") and the EEOC ("Second Charge"), which ultimately provided the basis for his Second Right-to-Sue Letter. (Def. MTD, PAGEID 64-74).[2] Plaintiff mistakenly attributes the EEOC's "creat[ion] [of] a new charge file" for the allegations in his Second Charge to a "formal reopening" of his First Charge despite the fact that the Second Right-to-Sue Letter specifically references the investigation completed by the OCRC for his dual filed Second Charge. (Plt. Opp., PAGEID 77-79); (ECF No. 1-2, PAGEID 8) ("The EEOC issues the determination that substantial weight has been accorded to the findings of the state or local fair employment practices agency that investigated your charge"). Thus, Plaintiff has offered no support for his argument that his First Charge was "reopened," and his

---

*Colorado*, 2010 WL 965519 (D. Colo. Mar. 15, 2010) as further support for his claims, however after extensive research, counsel for OhioHealth was unable to locate the case.

[2] The correspondence letters Plaintiff received from the OCRC show that Plaintiff's dually filed Second Charge was assigned an EEOC charge number (22A-2024-03555) and an OCRC charge number (COLB1(006830)05072024). The OCRC entered a finding of no probable cause for the Second Charge on May 1, 2025, and on August 12, 2025, the EEOC issued the Second Right-to-Sue Letter according substantial weight to the findings of the OCRC's investigation. (ECF No. 8, Def. MTD, PAGEID 73-74); (ECF No. 1-2, PAGEID 8).

First Right-to-Sue Letter was vacated. To the contrary, Plaintiff admits that he filed a federal complaint against OhioHealth based on his First Right-to-Sue Letter, and the facts show that the Second Right-to-Sue Letter is related to Plaintiff's Second Charge rather than his allegedly "reopened" First Charge. Consequently, the Court should "strictly enforce[]" the time limits applicable to Plaintiff's First Right-to-Sue Letter and dismiss all time barred claims against OhioHealth based on the First Right-to-Sue Letter. *Brady* at *2 (S.D. Ohio July 19, 2021).

**B. <u>Plaintiff's Decision to Amend His 2024 Complaint by Removing OhioHealth as a Defendant Does Not Toll the 90-Day Statute of Limitations for His Claims.</u>**

Plaintiff also argues that OhioHealth was initially named in his 2024 Complaint but was never served, so no claims against OhioHealth were ever adjudicated and "no prior judgement, dismissal, or claim preclusion applies." (Plt. Opp., PAGEID 79-80 ¶ B). Plaintiff confuses the issue before the Court.

Even if the Court finds that Plaintiff's amendment to his 2024 Complaint did not constitute voluntary dismissal, the facts remain that Plaintiff (1) received his First Right-to-Sue letter on March 12, 2024, (2) filed a federal complaint against OhioHealth on June 11, 2024 based on the First Right-to-Sue Letter, (3) removed or dismissed OhioHealth from the action thereafter, and (4) took no further legal action against OhioHealth within the 90-day statute of limitations applicable to his claims. The filing of a complaint which is later amended or dismissed without prejudice does not toll the 90-day statutory filing period applicable to Title VII claims. *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 28 (6th Cir. 1987); *Fambrough-McCoy v. White Castle Sys., Inc.*, 2017 WL 3085685, at *2 (S.D. Ohio July 20, 2017); *Cluck v. Brentlinger Enters., Inc.,* 2024 WL 836957, at *7 (S.D. Ohio Feb. 28, 2024). Plaintiff was required to pursue legal action for the allegations included in his First Charge against OhioHealth on or before June 11, 2024. He chose to amend his timely filed 2024 Complaint by removing OhioHealth as a defendant on October 2, 2024, and

took no further action against OhioHealth within the applicable 90-day period (which ended on June 11, 2024) before his lawsuit was dismissed on motion on May 22, 2025. Therefore, each claim in Plaintiff's 2025 Complaint arising out of allegations included in his First Charge and 2024 Complaint is now time-barred and must be dismissed.

C. **Plaintiff's Second Charge and 2025 Complaint Allege Causes of Action Identical to Those Included in His First Charge and 2024 Complaint.**

The claims Plaintiff asserts in his 2025 Complaint are virtually identical to those previously asserted in his First Charge and 2024 Complaint. (*See* ECF No. 1, Plt. Compl., PAGE ID 2-3) *compare Little*, Case No. 2:24-cv-03196. (ECF. No. 2, PAGEID 2-3); (ECF No. 8. Def. MTD, PAGEID 46-47). Title VII plaintiffs are barred from re-asserting claims previously filed against their employer. *Brady* at *2 (S.D. Ohio July 19, 2021); *Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir. 1981) (the applicable statutory period for plaintiff's claims ran from the issuance of the first EEOC notice of right to sue, not the second); *Setzer v. First Choice Lending Servs., LLC,* No. 18-5192, 2018 WL 7500477, at *3 (6th Cir. Sept. 10, 2018) (allegations from plaintiff's previously filed EEOC charge were subject to dismissal as time-barred).

Plaintiff does not dispute that the 2025 Complaint includes the same allegations previously asserted in his First Charge and 2024 Complaint. (*See generally,* Plt. Opp). As argued in Defendant's Motion, and above, the statute of limitations for these previously asserted claims has run. The Court should accordingly dismiss all of Plaintiff's claims against OhioHealth in the 2025 Complaint for discrimination and retaliation based on his race, gender, and alleged disability under Title VII and the ADA as they arise out of the allegations in his First Charge and are identical to the claims asserted in his 2024 Complaint.

II. **PLAINTIFF CANNOT SHOW THAT HE EXHAUSTED HIS ADMINSTRATIVE REMEDIES FOR HIS CONSTRUCTIVE DISCHARGE CLAIM.**

Plaintiff argues, without citation to any authority, that his constructive discharge claim against OhioHealth has been administratively exhausted and is properly considered by this Court because "[c]ourts routinely hold that post-charge events that are reasonably related to the alleged pattern of discrimination do not require a new charge." (Plt. Opp., PAGEID 80 ¶ D). In reality, courts allow plaintiffs to raise "claims that are reasonably related to, or that grow out of, the factual allegations in the charge" and are within the scope of the EEOC's investigation. *Aarnes v. Ohio State Univ.*, No. 2:24-CV-2146, 2025 WL 2734171, at *3 (S.D. Ohio Sept. 25, 2025); *Cedar v. Premier Indus. Corp.*, 869 F.2d 1489 at *4 (6th Cir. 1989) ("Plaintiff here simply failed to identify sufficiently the discriminatory conduct that he believed amounted to a constructive discharge.") *Maeder v. Hollywood Casino*, 97 F. Supp. 3d 941, 946 (S.D. Ohio 2015) ("…to the extent a plaintiff believes he or she has been discriminated against after he or she files an EEOC charge, it is the plaintiff's responsibility to alert the EEOC or file another charge"). In *Cedar*, the court found that the plaintiff's claim for constructive discharge was outside of the scope of the EEOC's investigation of his charge allegations because "the administrative agency had no way of knowing of such a claim because the alleged discharge had not yet occurred and the agency would not be looking for or investigating discharge-related matters." *Cedar* at *4. The Court further reasoned that the plaintiff's "recitation of incidents as historical background" was insufficient to broaden a charge of discrimination focused on plaintiff's demotion. *Id.* at *3.

Here, Plaintiff did not allege constructive discharge in his First or Second Charge, and he admits that he resigned from his job at OhioHealth *after* filing both of his discrimination charges. (*See* ECF No. 8, Def. MTD, PAGEID 46-47, 64-65); (*See also* Plt. Opp., PAGEID 80 ¶ D). As in *Cedar*, the EEOC had no way of knowing about his constructive discharge claim during its investigation because the alleged constructive discharge had not yet occurred. Further, Plaintiff's

sporadic allegations of harassment and retaliation spanning from 2018 to 2023 are nothing more than a vague recitation of alleged incidents that did not provide sufficient notice to the EEOC of his constructive discharge claim . (*See* ECF No. 8, Def. MTD, PAGEID 46-47, 64-65). Despite Plaintiff's argument to the contrary, his charge allegations do not establish a pattern of discrimination, and he cannot bring a claim for constructive discharge without first exhausting his administrative remedies.[3] Plaintiff's constructive discharge claim must be dismissed for this reason.

## III. PLAINTIFF CANNOT SHOW THAT HIS 2025 COMPLAINT PLAUSIBLY STATES A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiff argues that that his 2025 Complaint plausibly states claims for discrimination and retaliation under (1) Title VII of the Civil Rights Act, (2) The Americans with Disabilities Act ("ADA"), and (3) Ohio Revised Code § 4113.52 and 4112.  (*See* ECF No. 9, Plt. Opp., PAGEID 81). Plaintiff further argues that Defendant seeks to impose "heightened pleading requirements not required under Rule 8." (Plt. Opp., PAGEID 82). Both of Plaintiff's arguments are meritless, and his Opposition lacks the factual or legal support needed to sustain his causes of action. Moreover, Plaintiff's Opposition improperly asserts new claims and allegations not included in his 2025 Complaint.

### A. This Court Should Disregard Plaintiff's Newly Asserted Claims and Additional Allegations Not Previously Included in His Complaint.

It is well-established that a court evaluating a motion to dismiss "must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n,* 958 F.3d 470, 483 (6th Cir. 2020); *Thompson v. Fuyao Glass Am.*, No. 3:25-CV-259, 2026 WL 145614, at *3 (S.D. Ohio Jan.

---

[3] Additionally, Plaintiff's attachment of Exhibits A through D (ECF No. 9, PAGEID 85-95) as alleged evidence of his pursuit of administrative remedies do not satisfy his exhaustion requirements for his constructive discharge claim. The Court should disregard Plaintiff's exhibits because his state court petition for judicial review and internal reports allegedly submitted through "internal employer processes" are irrelevant to the question of exhaustion before the Court.

20, 2026) (citing *Bates*) ("Moreover, the law is clear that a court evaluating a motion to dismiss 'must focus only on the allegations in the pleadings,' and cannot consider additional facts asserted in memoranda opposing the motion to dismiss"). First, Plaintiff alleges that he has plausibly stated state law claims for discrimination and retaliation under the Ohio Revised Code, despite the fact that his 2025 Complaint makes no mention of his state law causes of action. (Plt. Opp., PAGEID 81 ¶ E) *compare* (*See generally* Plt. Compl., PAGE ID 2-7). Plaintiff then expands upon his improperly asserted new claims by alleging facts not included anywhere in his 2025 Complaint:

> "Plaintiff alleges that beginning on October 6, 2021, and again on February 27, 2022, he made good-faith reports of laboratory instrument failures that improperly extended reagent expiration dates and posed risks to patient safety and test accuracy, conduct protected under federal anti-retaliation provisions and Ohio whistleblower law. Plaintiff further alleges that Defendant's management was aware of these reports and that he thereafter experienced escalating hostility, heightened scrutiny, punitive documentation, denial of accommodations related to his known neck injury, and constructive discharge. Such allegations plausibly state retaliation claims under Title VII, the ADA, and Ohio Rev. Code § 4113.52, which protects employees who reasonably believe they are reporting conduct affecting public safety."

(Plt. Opp., PAGEID 81 ¶ E) *compare* (Plt. Compl., PAGE ID 2-7). At no point during the charge process or in his 2025 Complaint has Plaintiff raised any allegations related to his alleged whistleblower activity or any allegedly retaliatory conduct by Defendant in response. Because Plaintiff failed to include these claims and allegations in his 2025 Complaint, the Court should disregard them and judge Plaintiff's 2025 Complaint on its face. *Gunderson v. Burnaugh,* No. 2:25-CV-301, 2025 WL 1456575, at *2 (S.D. Ohio May 21, 2025) ("Plaintiffs cannot…ask the court to consider new allegations…not contained in the complaint").

**B. Plaintiff's Complaint Allegations Do Not Meet the Requisite Pleading Standard.**

Plaintiff argues that his Complaint does not fall short of the required pleading standards. Plaintiff is wrong for three reasons.

First, Plaintiff claims that Defendant's Motion "improperly seeks to resolve factual disputes." (Plt. Opp., PAGEID 81 ¶ E). Plaintiff, however, misstates the arguments raised by Defendant. Plaintiff's claims, as pled, are deficient because they fail to connect OhioHealth's alleged actions to specific dates within the applicable statute of limitations. Plaintiff's Opposition does not address this argument, nor does it address the fact that his Complaint attempts to vaguely connect OhioHealth's allegedly discriminatory conduct to a six-year period during which most of Plaintiff's alleged incidents fall outside of the applicable statute of limitations. *Williams v. Gen. Motors, No.* 1:13-CV-00336, 2014 WL 4199360, at \*6 (S.D. Ohio Aug. 22, 2014) (granting defendant's motion to dismiss and reasoning that "a plaintiff's claim that she has suffered the continuing effects of past discriminatory acts within the statutory time period is not sufficient to make out a claim of continuing discrimination, where the underlying acts themselves are time-barred").

Second, Plaintiff argues that he "plausibly states disability discrimination and retaliation claims under the ADA." (Plt. Opp., PAGEID 81 ¶ E). Plaintiff's Complaint, however, includes only vague references to an alleged disability and treatment plan and never identifies his alleged disability. (*See* Plt. Compl., PAGEID 2-3). Without identifying his alleged disability, Plaintiff's claims do not meet the applicable pleading standard because the Court cannot infer he is disabled under the ADA. *Green* at \*5 (S.D. Ohio Nov. 14, 2014) (dismissing plaintiff's ADA claim because plaintiff "fail[ed] to allege facts from which this court could infer that he is disabled as contemplated under the ADA").

Finally, Plaintiff's argument that his "resignation under duress is plausibly linked to the toxic work environment as reflected in his resignation letter" does nothing to salvage his hostile work environment allegation. (Plt. Opp., PAGEID 82 ¶ F). The Complaint specifically alleges only

that "a Corrective Action was placed in [his] file" without his knowledge, that his supervisor left him "work that [was] supposed to be finished by her," that he was "forced" to do "double work," and that he was "forced" to work alone for approximately five months. (*See* Plt. Compl., PAGEID 2-3). These alleged actions, even if true, reveal only ordinary workplace conflicts, not the severe and pervasive mistreatment based on a protected class required to sustain a hostile work environment claim. *Elliott v. Mayorkas,* No. 2:22-CV-4053, 2024 WL 1462766, at *9 (S.D. Ohio Apr. 4, 2024) (granting the defendant's motion to dismiss and reasoning that "ordinary workplace conflicts…are not sufficiently severe or pervasive to support a hostile work environment claim").

Plaintiff cannot show that his 2025 Complaint plausibly states a claim upon which relief may be granted. Therefore, the Court should dismiss each of Plaintiff's claims against OhioHealth.

## IV.    CONCLUSION

For the reasons stated above, Defendants respectfully request the Court grant its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

*/s/ Jeremiah L. Hart*
Jeremiah L. Hart (0087744)
Robert Lee Solomon III (103460)
BAKER & HOSTETLER LLP
200 Civic Center Dr., Suite 1200
Columbus, Ohio 43215
Telephone: (614) 228-1541
Facsimile: (614) 462-2616
jhart@bakerlaw.com
rlsolomon@bakerlaw.com

*Attorneys for Defendant OhioHealth*
*Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 16, 2026, a copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system, and a physical copy of the foregoing document was also mailed to Plaintiff at the following address:

Keith Little
257 Barcelona Ave,
Westerville, OH 43081

*Plaintiff*

/s/ *Jeremiah L. Hart*
*Attorney for Defendant OhioHealth Corporation*
