**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KEITH LITTLE,**

**Plaintiff,**

**v.**

**OHIOHEALTH,**

**Defendant.**

**Case Number 2:25-cv-1292**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court on Defendant OhioHealth Corporation's Motion to Dismiss Plaintiff's Complaint. (ECF No. 8.) Plaintiff Keith Little responded in opposition (ECF No. 9), and OhioHealth replied in support (ECF No. 10). For the reasons below, the Court **GRANTS** OhioHealth's Motion to Dismiss. (ECF No. 8.)

## BACKGROUND

Mr. Little, proceeding *pro se*, brings this action against OhioHealth, his former employer. (ECF No. 1.) Mr. Little says he experienced harassment, discrimination, retaliation, and unequal treatment by coworkers employed by and the management of OhioHealth in the laboratory department from 2018 to 2024. (ECF No. 1-1, PageID 4.)

Mr. Little alleges that a coworker left unfinished work for him to complete, and mocked and verbally harassed him; another coworker intimidated and surveilled him; and he was forced to work alone for more than five consecutive months. (*Id.* PageID 4–5.) Mr. Little also alleges that a false and humiliating statement was authored against him on a corrective action and that a corrective action was placed in his personnel file as retaliation for prior complaints and accommodation requests. (*Id.* PageID 5.)

Further, Mr. Little alleges that he was denied access to ADA-approved seating accommodations and he was assigned double workloads, even though OhioHealth was aware of his disability status and treatment plan. (*Id.* PageID 6.) Mr. Little also says OhioHealth made false statements to the Bureau of Workers' Compensation regarding his medical condition and work circumstances. (*Id.* PageID 5.)

Finally, Mr. Little alleges that he experienced severe anxiety, emotional distress, and physical exhaustion as a result of these actions and he resigned on June 18, 2024, due to OhioHealth's conduct. (*Id*.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted, a plaintiff must satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"*[P]ro se* filings should be liberally construed." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021). But this rule "does not exempt *pro se* litigants from basic pleading standards." *Id.* Nor does it require the Court "to conjure allegations on a litigant's behalf" or "guess at the nature of the claim asserted." *Id.* (quoting *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**ANALYSIS**

OhioHealth construes Mr. Little's Complaint as alleging claims for race and gender discrimination, retaliation, and constructive discharge under Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as disability discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act ("ADA"). (ECF No. 8, PageID 31.) In response to OhioHealth's Motion to Dismiss, Mr. Little adds that he brings discrimination, retaliation, and whistleblower claims under state law—which the Court addresses below—but does not otherwise dispute OhioHealth's read of his Complaint. (ECF No. 9, PageID 81–82.)

To bring claims under Title VII or the ADA, the plaintiff must file suit within ninety days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); *Jones v. Enter. Holdings, Inc.*, No. 2:25-cv-1519, 2026 WL 1505968, at *4 (S.D. Ohio May 29, 2026) (Morrison, C.J.). Here, the Complaint alleges that the EEOC issued a right-to-sue letter on August 12, 2025, and Mr. Little received that letter two days later. (ECF No. 1, PageID 2; ECF No. 1-2.) Mr. Little filed this lawsuit on November 6, 2025, within the ninety-day window. But OhioHealth argues this lawsuit is untimely because it alleges the same facts and claims Mr. Little included in a previous EEOC charge. (ECF No. 8, PageID 36–37.)

The Court must first determine whether it may properly consider the documents attached to OhioHealth's Motion to Dismiss that relate to Mr. Little's discrimination charges. Generally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). EEOC and Ohio Civil Rights Commission ("OCRC") charges and related documents, including right to sue letters, "are public records of which the Court may take judicial notice in ruling on a motion to dismiss without having to convert the motion into one for summary judgment." *See, e.g.*, *Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 862–63 (N.D. Ohio 2013). As such, the Court may properly consider the EEOC and OCRC charges and related documents attached to OhioHealth's Motion to Dismiss.

Two of Mr. Little's discrimination charges are at issue here. First, on March 21, 2023, Mr. Little filed a charge of discrimination against OhioHealth with the EEOC ("First Discrimination Charge"). (ECF No. 8, PageID 46–47.) On March 13, 2024, the EEOC issued a letter dismissing the charge and notifying Mr. Little of his right to sue ("First Right-to-Sue Letter"). (*Id.* PageID 58.) Second, on May 7, 2024, Mr. Little filed a charge of discrimination with the OCRC, which was dual filed with the EEOC ("Second Discrimination Charge").[1] (*Id.*

[1] As this Court has explained:

> When a charge is dual filed, the OCRC automatically forwards a copy of the charge to the EEOC which, in turn, opens up a file and gives the charge an EEOC number; however, the EEOC allows the OCRC to conduct the investigation. If dual filed, the EEOC charge and OCRC charge are identical.

PageID 49–50, 64–66.) On January 16, 2025, the OCRC issued a finding of no probable cause and notified Mr. Little of his right to request reconsideration and petition for judicial review. (*Id.* PageID 68–70.) Mr. Little requested reconsideration, and on May 1, 2025, after further investigation, the OCRC entered another finding of no probable cause. (*Id.* PageID 71, 73–74.) On August 12, 2025, the EEOC issued a letter dismissing the charge and notifying Mr. Little of his right to sue ("Second Right-to-Sue Letter"). (ECF No. 1-2.)

In June 2024, Mr. Little filed a different lawsuit in this Court against OhioHealth and others, citing the First Right-to-Sue Letter. (*Little v. Holzapfel, et al.*, Case No. 2:24-cv-03196, ECF No. 2.) In October 2024, Mr. Little dropped OhioHealth from that action. (*See Little v. Holzapfel, et al.*, Case No. 2:24-cv-03196, ECF No. 7.) Then, on November 6, 2025, Mr. Little filed the instant action, citing the Second Right-to-Sue Letter. (ECF No. 1, PageID 2.)

OhioHealth argues Mr. Little's Title VII and ADA claims are time-barred because Mr. Little did not file this action within ninety days of receiving the First Right-to-Sue Letter, and the Court agrees. The First Discrimination Charge alleges that Mr. Little experienced discrimination and retaliation based on his disability, race, and gender. (ECF No. 8, PageID 46–47.) It appears those allegations form the basis of Mr. Little's claims in this lawsuit, too. Mr. Little does not dispute that this action arises out of allegations in his First Discrimination Charge. (*See generally* ECF No. 9.) Instead, he says the EEOC reopened his charge and issued the Second Right-to-Sue Letter, which created a new ninety-day period to file suit. (*Id.* PageID 77–79.) But the Second Right-to-Sue Letter was issued in response to the Second Discrimination Charge. (*See* ECF No. 1-2; ECF No. 8, PageID 49–50, 64–66, 68–70, 71, 73–74.) The fact that Mr. Little restated his

---

*Botter v. Tuesday Morning*, No. 1:18-cv-00847, 2019 WL 2452987, at *1 n.2 (S.D. Ohio June 12, 2019) (Litkovitz, M.J.), *report and recommendation adopted*, 2019 WL 2643681 (S.D. Ohio June 27, 2019) (Dlott, J.) (citation modified).

discrimination and retaliation claims in the Second Discrimination Charge does not restart his ninety-day filing time limit. *See Shoemake v. Mansfield City Sch. Dist. Bd. of Educ.*, 61 F. Supp. 3d 704, 724–25 (N.D. Ohio 2014). As the Sixth Circuit has explained, a plaintiff who misses the 90-day window to file suit after receiving a right-to-sue letter may not "resurrect the same claims by including them in a new EEOC charge, restarting the process and resetting the limitations clock." *Hollimon v. Shelby Cnty. Gov't*, 325 F. App'x 406, 409 (6th Cir. 2009); *see also Holden v. Atos IT Sols. & Servs., Inc.*, No. 16-3715, 2017 WL 2819222, at *2 (6th Cir. Mar. 17, 2017) (noting that a plaintiff's claims "cannot be revived by a subsequent charge of discrimination"); *Adams v. Tenn. Dep't of Fin. & Admin.*, 179 F. App'x 266, 271 (6th Cir. 2006). Because the allegations in this action arise out of Mr. Little's First Discrimination Charge, he was required to file suit within ninety days of receiving the First Right-to-Sue Letter. Mr. Little filed the instant action on November 6, 2025, outside of that ninety-day window.

As a final point on Mr. Little's federal claims, the Parties disagree over whether Mr. Little's Title VII constructive discharge claim arises out of his discrimination charges, but either way the claim must be dismissed. If, as Mr. Little says, his constructive discharge claim "[i]s [r]easonably [r]elated to the [c]harges," the claim is time-barred because it was not filed within 90 days of receiving the First Right-to-Sue Letter, and the Second Discrimination Charge did not restart the limitations period. (ECF No. 9, PageID 80.) If, as OhioHealth argues, the constructive discharge claim does not relate to the discrimination charges, Mr. Little has failed to exhaust his administrative remedies with respect to that claim. (ECF No. 8, PageID 37–38); *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) ("Federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge.").

For these reasons, the Court dismisses Mr. Little's Title VII and ADA claims.

In response to OhioHealth's Motion to Dismiss, Mr. Little says his Complaint raises state-law discrimination, retaliation, and whistleblower claims. (ECF No. 9, PageID 81–82.) OhioHealth disagrees, arguing the Complaint makes no mention of state law causes of action. (ECF No. 10, PageID 102–03.) When a district court dismisses all claims over which it had original federal jurisdiction, the court may decline to exercise supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367(c)(3). The Court dismisses Mr. Little's federal claims. To the extent Mr. Little seeks to invoke this court's supplemental jurisdiction over state-law claims, the Court declines to exercise jurisdiction and those claims will be dismissed without prejudice. *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)) (noting that if "federal claims are dismissed before trial, the state claims generally should be dismissed as well").

**CONCLUSION**

For the reasons above, the Court **GRANTS** (ECF No. 8) Defendant OhioHealth's Motion to Dismiss Plaintiff's Complaint. The Court **DISMISSES WITH PREJUDICE** the Title VII and ADA claims raised in Plaintiff Keith Little's Complaint and **DISMISSES WITHOUT PREJUDICE** any state-law claims Plaintiff Keith Little intended to raise in his Complaint.

The Clerk is **DIRECTED** to enter judgment and close this case. The Clerk is further **DIRECTED** to mail a copy of this Opinion and Order to Plaintiff Keith Little at 257 Barcelona Ave., Westerville, OH 43081.

**IT IS SO ORDERED.**

**8/27/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**